IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE TODD WATSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0370-P |
| | § | |
| WARDEN KEETON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Andre Todd Watson challenging the conditions of his confinement at the Dawson State Jail. On February 23, 2007, plaintiff tendered a one-page handwritten complaint to the district clerk. Thereafter, as directed by the court, plaintiff filed a form civil rights complaint and an application to proceed *in forma pauperis*. On March 30, 2007, interrogatories were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." No answers were filed. On April 27, 2007, the court gave plaintiff an additional 20 days to answer the interrogatories. Once again, plaintiff was admonished that the "failure to comply with this order may result in the imposition of sanctions, including dismissal of

the action for want of prosecution." *See* Order, 4/27/07. To date, the interrogatories remain unanswered. The court now concludes that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff over two months ago. Plaintiff has not answered the interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 30, 2003) (dismissing complaint for failure to answer written interrogatories).

## **RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE